UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1932-RLW |
| ) | |
| ATT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon the request of self-represented plaintiff Joseph Michael Devon Engel (prison registration number 1069055) for leave to commence this civil action without prepayment of the required filing fee.[1] For the reasons discussed below, plaintiff's request will be denied and this case will be dismissed without prejudice, subject to refiling as a fully-paid complaint.

Plaintiff is a prisoner and a frequent filer in the United States District Court for the Eastern District of Missouri over the last few months, having initiated over 130 civil actions. Plaintiff is subject to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis*, or without prepayment of fees and costs. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

---

[1] Plaintiff has not submitted a separate motion; however, after the "Certification Closing" portion of his complaint, plaintiff requests to proceed with his case without prepayment of fees and costs. ECF No. 1 at 1 ("Application to proceed in District court without prepaying fees or costs."). The Court will construe this as a motion for leave to proceed *in forma pauperis*, or without prepayment of fees and costs.

may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) is commonly known as the "three strikes" provision. *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). The provision applies if the plaintiff has three strikes at the time he files the new action or appeal; however, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 135 S.Ct. 1759, 1763 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending." *Id.* at 1765. Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

A review of Court records indicates that, while incarcerated, plaintiff has brought more than three civil actions in this federal court that were dismissed as frivolous, malicious, or for failure to state a claim.[2] In the dismissal constituting his third strike, issued December 21, 2020, plaintiff was cautioned to avoid the practice of repeatedly filing frivolous and malicious complaints. *See Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM, ECF No. 10 at 5-7 (E.D. Mo. Dec. 21, 2020). Plaintiff filed the instant complaint on December 22, 2020. ECF No. 1-1. By that

---

[2] On September 9, 2020, plaintiff began filing civil actions *in forma pauperis*, or without prepayment of fees and costs, in this Court. *See Engel v. Payne*, No. 4:20-cv-1211-DDN (E.D. Mo. dismissed Dec. 14, 2020). As of December 21, 2020, at least three of plaintiff's civil actions were dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(e). *See Engel v. Governor of Missouri*, No. 1:20-cv-217-HEA (E.D. Mo. dismissed Dec. 15, 2020); *Engel v. United States of America*, No. 4:20-cv-1742-MTS (E.D. Mo. dismissed Dec. 18, 2020); *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. dismissed Dec. 21, 2020). To date, all of plaintiff's complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e) have been dismissed for one of the reasons enumerated therein, and/or because plaintiff failed to comply with court orders.

date, however, plaintiff had already accrued three strikes. As such, plaintiff can only proceed in this case if the imminent danger exception applies.

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Here, nothing in the complaint suggests that plaintiff is in imminent danger or that he is at risk for any impending harm. Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against six defendant companies: (1) "ATT;" (2) Sprint; (3) Verizon Wireless; (4) T-Mobile; (5) Boost Mobile; and (6) Cricket. ECF No. 1 at 1. Plaintiff's brief 'Statement of Claim' asserts: "Letting people put phones in my name while I was in prison[.] Hacking my phone account." *Id.* As relief, plaintiff seeks "50 Trillion Dollars plus stocks, bonds, savings in companies." *Id.* Plaintiff's allegations do not demonstrate that he was under any imminent danger of serious physical injury at the time of complaint filing, and therefore, the exception to the three-strikes provision does not apply to him. As a result, plaintiff may not proceed *in forma pauperis* in this action. The Court will deny plaintiff's request and will dismiss this case without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* in this action is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that, to the extent plaintiff seeks appointment of counsel in his complaint, such request is **DENIED** as moot.

Dated this 26th day of January, 2021.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE